JAMES PATTON, Surviving Executor of Morgan Jones, v. ZACH-ARIAH JONES, BENJAMIN MASDEN and HANNAH, his Wife, THOMAS MIDDLETON and JOANNA, his Wife, WILLIAM PORTERFIELD and SARAH, his Wife, MORGAN MASON, JOHN MASON, SAMUEL MASON, ARTHUR MASON, SARAH JONES, ELIZA JONES, MORGAN JONES, and ZACHARIAH JONES, the Younger.

Court of Chancery. New Castle. In Vacation. [April, 1822.]

*Ridgely's Notebook IV, 13.*

*[Bill of Interpleader.]*

The bill states, that Morgan Jones made his [will] August 22, 1820, and among other things devised and bequeathed as follows:

"I give and bequeath to my beloved wife Mary Jones the sum of two thousand dollars in addition to the thirds of my personal property mixed or unmixed, as well as her thirds of the rents, issues, and profits of my real estate."

"I give and bequeath to my unborn child (male or female) with which my said wife is now pregnant all the plan-

tation or tract of land on which I now reside, with all the benefits appertaining thereto, to him or her, their heirs or assigns forever, with all the residue or remaining part of my estate, except what is here specially bequeathed or devised. But should my child die (with which my wife Mary is now pregnant) under age and without issue legally bebotten then my will is that the plantation on which I now live be sold by my executors, and two-thirds of the amount of the sale thereof to be paid over by my executors to the children of my brother Zachariah, share and share alike; and the remaining one-third to be paid over in like manner by my executors to the children of my sister Sarah Mason, share and share alike.

"My will is that the residue of my estate, excepting the plantation on which I now live, be sold by my executors as soon after my decease as may be thought by them advantageous for the benefit of my estate.

"I also will and bequeath my brother Zachariah Jones" (in the office copy it is, "I give and bequeath to my brother Zachariah Jones") "all that tract or parcel of land I purchased from the heirs of Benjamin Davis, to him his heirs and assigns forever, together with the sum of four hundred dollars to be paid him by my executors in two years after my decease.

"I also will and bequeath to each of the children of my brother Zachariah the sum of one hundred dollars, excepting Hannah and Morgan Jones, to whom I give and bequeath, each, the sum of two hundred dollars, to be paid to them in four years after my decease.

"I also give to each of the children of my sister Sarah Mason the sum of one hundred and twenty-five dollars to be paid to them as aforesaid in four years after my decease.

"It is also my will and pleasure that should the child, with which my wife is now pregnant, die under age or without issue lawfully begotten, then and in that case my will is, that my said wife Mary shall be entitled to receive one half or moiety of all my personal estate after the payment of the legacies specially mentioned; the other moiety or half, in manner following, that is to say to Morgan Jones Thomas of Chester County, the sum of six hundred dollars, to Samuel Mason son of my sister Sarah Mason's son John, the sum of two hundred dollars, the residue equally between the children of my brother Zachariah, share and share alike.

"I give and bequeath to Benjamin Jackson, son of Elizabeth Jackson late of Pencada Hundred, the sum of fifteen hundred dollars, to be paid him by my executors within five years after my decease.

"I also give and bequeath to James Kennedy, of the Iron Hill, the sum of two hundred dollars; to Isaac Hill of said place one hundred dollars; to William McClement fifty dollars, and to Catharine Price fifty dollars, all to be paid within one year after my decease.

"It is also my will that Hannah my black shall serve her mistress seven years after my decease, and at the expiration thereof shall receive from her mistress the sum of one hundred dollars and two suits of good substantial wearing apparel.

"It is also my will that Samuel Stephens do serve his present mistress until he arrive at the age of twenty-four years, at the expiration of which time he shall receive from my estate to be paid him by my executors the sum of one hundred and fifty dollars."

Mr. Morgan Jones died about August 25, in the year before mentioned (1820). Mary his wife was pregnant at the time the will was made, and at his death and on September 4, same year (1820), was delivered of a male child, called Morgan, who lived till February 27, 1821, on which day he died. That on September 14, 1821, Mary the widow died having made her will, and appointed the plaintiff, James Patton, executor thereof. That plaintiff has sold the Mansion Farm since the decease of said child; and also all the residue of the real estate, which he has the power at this time of selling.

That the testator's brother Zachariah Jones is living and has five children, namely, Hannah, who married Benjamin Masden, and Sarah, Eliza, Morgan and Zachariah, who are infants under the age of 21 years, and of whom their father is guardian.

That Sarah Mason, the sister of the testator, has five children, viz: Joanna, who is of age and married Thomas Middleton; Sally, who is of age and married William Porterfield; Morgan and John, who are both of age; and Arthur, a minor for whom said Zachariah Jones has been appointed guardian. That said Z. Jones has also been appointed guardian of Samuel Mason, son of John Mason one of the children of said Sarah Mason.

That plaintiff, as executor named in said testator's will is ready and willing to administer and distribute the residue and clear surplus of said testator's personal estate and the money arising from

the sale of the real estate, but the several claimants under said will claim different and distinct interests in opposition to each other, and by reason of such opposite claims and the ambiguity apparent upon the face of said will complainant has great difficulty in executing the same, and has been advised that he cannot safely proceed without the directions of a court of equity etc. upon the following points:

Whether the proceeds of sale of the real estate directed by the said will to be sold, are to be considered after such sale, as personal estate, and to be applied to the payment of the legacies directed to be paid out of the personal estate.

Whether the representative of the widow, Mary Jones, is entitled to the sum of $2000, and to a third part of the personal property before the payment of any legacies as given in the first clause of the will; and whether he is entitled in addition thereto under the seventh clause of the will to a moiety of all the personal estate after payment of the legacies specially mentioned, as claimed by that representative, under the allegation that the gift to the widow in the last clause was in addition to the former bequest, and was to take effect only on the death of the child when the Mansion Farm was to be sold and she thus deprived of her thirds in that farm, and was intended as a remuneration for the thirds thus taken from her, and a further donation which the death of the child would justify his making to his widow.

Whether the thirds of the personal estate given in the first clause are to be deemed one of the "legacies" mentioned in the seventh clause; and whether those thirds and the legacies in the eighth and ninth clauses are to be paid before the personal estate is divided into moieties as directed in the seventh clause, and distributed as there directed.

Whether, if the proceeds of sale of the real estate, or any part thereof are not to be considered as personal estate, and are not to be distributed in the manner specified in said seventh clause, any and which of the legacies are to be considered as charged on the real estate and payable thereout, and to whom will such proceeds of sale or the residue thereof go or be payable.

Whether the proceeds of sale of the Mansion Farm are to be paid over to the children of Zachariah Jones and Sarah Mason as directed in the second clause of the will, without any deduction, or are the expenses of effecting the said sale and a compensation to the executor for that service to be retained out of those sales.

Whether the expenses which arose from the support of the child with which the said Mary Jones was pregnant at the testator's death, and the expenses of its illness and burial are to be

paid out of the estate generally, or out of the sales of the Mansion Farm.

Whether the Negroes and servants mentioned in the eleventh and twelfth clauses of the will are, since the death of the widow, to be considered as belonging to her estate, or to that of the said Morgan Jones.

And your orator is desirous of executing the trusts of said will and paying etc. to the end therefore that the said Z. Jones *et al.* may full true and perfect answer make etc. "And that the personal estate of the testator and the proceeds of sale of the real estate of the said testator may be applied and disposed of in such manner as this Court shall think fit, and according to the true intent and meaning of the said testator's said will, and that the said will may be performed and carried into execution, and that all necessary direction may be given for that purpose, your orator hereby offering and submitting to distribute and pay the same to such persons and in such manner as this Court shall direct, being indemnified therein and paid his costs and expenses occasioned thereby, and of this suit, and that your orator may have such further direction and relief as to your honour shall seem meet just and proper, may it please, etc."

*James R. Black,* solicitor for the complainant.

The answer of the several defendants.

They admit the will, the death of Morgan Jones, the testator on August 25, 1820, the pregnancy of Mary Jones the wife of the testator, the birth of a male child on September 4, 1820, the death of the child on February 27, 1821, the death of Mary Jones, the widow of Morgan the testator on September 14, 1821, and her will.

That complainant sold the said Mansion Farm in pursuance of the directions of said will of said Morgan Jones since the death of the said child; and also the residue of said estate that the said executor has at this time the power of selling. Defendants admit that testator's brother Zachariah is living, and his five children, *viz* Hannah, Sarah, Eliza, Morgan and Zachariah. That Sarah Mason the testator's sister has five children as set forth in the bill. Defendants insist that the proceeds of the sale of the Mansion Farm belong exclusively to the children of Zachariah Jones, the brother, and Sarah Mason, the sister of the testator, and are not subject to the payment of any of the other legacies directed to be paid by the said will; and that the representative of the said Mary Jones is entitled only to a moiety of the per-

sonal estate, in addition to the legacy of $2000, after the payment of the legacies specially mentioned and [——] in the said will and in [——] [1] of the proceeds of the sale of real estate directed by the said will to be sold.

Defendants insist that the thirds of the personal estate given in the first clause is not to be deemed as one of the legacies mentioned in the seventh clause, but that the clear intention of the testator as expressed in his said will was that his said widow should be entitled to one-third of his personal estate in case the child should live and survive her; and that should the child die under age and without issue legally begotten, then that his said wife should be entitled to receive the one half or moiety of his personal estate, after payment of the legacies specially mentioned, and that all the legacies directed to be paid in said will, excepting said moiety so bequeathed to the said widow, are chargeable on, and to be paid out of the proceeds of the real estate directed by said will to [be] sold.

Defendants insist that two-thirds of the amount of sale of the Mansion Farm should be paid to the children of Z. Jones without any deduction of expense attending said sale, and the remaining one-third in like manner to the children of Sarah Mason, and that the expenses in supporting the child, and of its illness and burial are to be paid out of the estate generally or of the personal estate.

Defendants consider and believe it was the intention of the testator that the Negroes and servants should serve their mistress only during her life, and not be held to service after that period.

————

### Decree.

And now, to wit, the [——] [2] day of April, 1822, this cause coming on to be heard before THE CHANCELLOR upon the bill and answer, in the presence of counsel on both sides, and the bill and answer, and last will and testament of the said Morgan Jones mentioned and referred to in the said bill and answer, and what was alleged by counsel on both sides being heard, THE CHANCELLOR declares that the first clause in the will by which the testator Morgan Jones bequeathed to his wife Mary Jones the sum of $2000 in addition to the thirds of his personal property is contraruled and annulled, as to the implied bequest of the thirds of

---

[1] Blanks in manuscript.
[2] Blank in manuscript.

the personal property, by the subsequent clause in the said will by which the said testator declared that, should the child with which his said wife was then pregnant die under age and without issue legally begotten, then and in that case his said wife Mary should be entitled to receive one half or moiety of all his the said testator's personal estate after the payment of the legacies specially mentioned; it being the intention of the testator, on the event of the death of the said child, under age and without issue, to give to his said wife, the $2000 and only the moiety of the personal estate, after the payment of debts and of the legacies mentioned in the said will. The testator did not design to make the bequest of the moiety of the personal estate to his wife cumulative, but he only intended by the latter clause above mentioned, in case of the death of the child under the age of 21 years and without issue, to increase the bequest to his said wife, to a moiety of the personal estate after payment of debts and legacies. The, bequest to the wife, in the first clause, is not one of the legacies specially mentioned, after the payment of which the moiety of the personal estate is given to the wife; but it is residuary bequest, the amount whereof depends upon debts, and the pecuniary and specific legacies bequeathed in said will. And it is a bequest by implication and not express, the testator seeming to suppose that the wife was entitled by law to a third part of his personal property, as well as to a third of the real estate; and the $2000 seemed to have been given in addition to portions of the personal and real estate, to which she was entitled, independent of the will of the testator. It is true that in the clause by which the testator's dwelling plantation is devised to the child, he gives to the child all the residue or remaining part of his estate, except what is there specially bequeathed or devised; but he did not thereby mean to except in the devise to the child, the thirds of the personal estate, and the thirds in the real estate, because such thirds were specially bequeathed or devised, for they were not specially bequeathed or devised; but he supposed his wife entitled to them, and therefore did not, in this residuary clause to the child, intend to include them. So that the representative of Mary Jones the widow is entitled to the sum of $2000, and to a moiety only of the personal estate after payment of debts and legacies.

And THE CHANCELLOR further declares that the legacy bequeathed to Benjamin Jackson, and to James Kennedy of the Iron Hill, to Isaac Hill of the same place, to William McClement and to Catherine Price, respectively, are severally to be deducted from the personal estate of the said testator Morgan Jones,

before the same is divided into moieties, and that the said legacies should be retained by the surviving executor, James Patton, to be paid to the said legatees, which said legacies may be paid immediately though there are times limited in said will beyond which their payment cannot be postponed.[3]

And THE CHANCELLOR further declares that the proceeds of sale of the real estate directed by the said will to be sold (the plantation on which the testator lived excepted) are to be considered as personal estate, and may pass under the description of personal estate, and be applied to the payment of debts of the testator, and to the pecuniary and residuary legacies bequeathed in the will (except the legacies to be paid out of the proceeds of the sale of the dwelling plantation), such being the intention of the testator.[4] He has directed the sale to be made by his executors as soon after his decease as may be thought by them advantageous for the benefit of his estate; he has directed that all his lawful and just debts should be paid out of his estate; he has bequeathed several legacies to be paid by his executor, and he has not specially bequeathed the money arising from such sale. Hence it is clearly to be inferred that he intended that this money should be taken as personal property, and be converted into a general personal fund to be applied by his executors, in a due course of administration, according to his will. By directing the real estate to be sold as soon as the executors should judge such sale to be advantageous for the benefit of his estate, he had in view such an application of the money arising from the sale as would most effectually enable the executors to pay the creditors and legatees the debts and legacies charged on his estate, in a manner the most beneficial to them, and so as most speedily to effectuate the general intention of his will.

And THE CHANCELLOR further declares that the expenses which accrued in making the sale of the dwelling plantation of the testator, and the compensation to which the executor is entitled for his service therein are to be retained out of that sale, and are

[3] Footnote by Ridgely, "See 3 P.Wms. 119, *Cooper v. Scot et al.* 3 P.Wms. 172, *Wilson v. Spencer.*"

[4] Footnote by Ridgely, "Prec.Ch. 37, *Lumly v. May;* devise of all testator's goods, chattels and estate whatsoever on condition to pay his debts and legacies. These words pass his real estate, he having, by his will, given considerable legacies to his eldest son, and other legacies, and the surplus of his estate, after his wife's death to be equally divided among his four children. 1 Ves.Jr. 426, devise of land to be sold; money produced by the sale charged with simple contract debts on implied intention, though doubtful. 2 Ves.Jr. 267, 268; all the real quality of the estate was destroyed by the absolute directions to the trustee to sell, in order to effect the intent of the will. See 3 Ves.Jr. 551, 5 Ves. 362. 8 Ves. 592, money arising from real estate may pass under the description of personal estate upon the intention."

not to be charged upon the general personal fund of the said estate; and that the balance of the proceeds of sale of said plantation, after deducting said expenses and compensation, is to be paid to the children of said Zachariah Jones, and to the children of said Sarah Mason, as is directed by the said last will.

And THE CHANCELLOR further declares that all the expenses which accrued in the maintenance of the child with which the said Mary Jones was pregnant at the time of the testator's death, in its illness and burial, are not to be paid out of the sale of the dwelling plantation of the testator, but are to be paid out of that part of the general personal fund, which was bequeathed to the said child, that is to say, from the two third parts of the said general personal fund, and that the said James Patton, executor of the last will of the said Mary Jones pay one fourth part of said expenses, and that the other three fourth parts of said expenses be paid out of the moiety bequeathed to Morgan Jones Thomas, Samuel Mason, son of John, and the children of Zachariah Jones, in proportion to their respective parts or shares of said moiety.

And THE CHANCELLOR further declares that the said James Patton, executor of the last will and testament of the said Mary Jones, deceased, is entitled as such executor, to the services of Hannah the black, so as to complete the period of seven years next after the decease of the said Morgan Jones. And that the said James Patton, executor as aforesaid, is entitled as such executor to the service of Samuel Stephenson until the said Samuel shall arrive to the age of 24 years. And that the said James Patton executor of the last will of the said Mary Jones, at the expiration of said term of seven years, will be liable and bound to pay out of the assets of said Mary Jones, to the said Hannah, $100, and two suits of good substantial wearing apparel; and that he the said James Patton, executor of the last will of said Morgan Jones will be liable and bound to pay to the said Samuel Stephenson, at the expiration of the term of service of him the said Samuel, out of the general personal fund of the estate of the said Morgan Jones, $150.

It is therefore ordered, adjudged and decreed by THE CHANCELLOR, that the said James Patton, executor of the said last will and testament of the said Morgan Jones, do pay out of the general personal fund of the estate of the said testator, including therein the goods and chattels, rights and credits which were of the said Morgan Jones, and the proceeds of sale of the real estate directed by the said will to be sold (the plantation on which the said testator lived excepted) all debts which were lawfully and justly due from the said testator at the time of his death; that he

the said James Patton, executor as aforesaid of the said Mary Jones, retain out of the said general personal fund the $2000 bequeathed to the said Mary Jones, if the same have not already been received and retained by the said Mary in her lifetime; and that he the said James Patton, executor of said last will of said Morgan Jones, pay or retain out of the said general personal fund the legacy of $400 bequeathed to the said Zachariah Jones; and the legacy of $100 bequeathed to Sarah, Eliza, and Zachariah respectively, children of Zachariah Jones, brother of the testator; and the legacy of $200 bequeathed to Hannah and Morgan respectively, other children of the said Zachariah; and the legacy of $125 bequeathed to Joanna, Sally, Morgan, John, and Arthur respectively, children of the said Sarah Mason, sister of the said testator; and to Benjamin Jackson, son of Elizabeth Jackson, late of Pencada Hundred, the sum of $1500 bequeathed to him, the said Benjamin; and that he pay to James Kennedy, aforesaid, the sum of $200; to Isaac Hill aforesaid, $100; to William McClement $50; to Catharine Price, $50; legacies bequeathed as aforesaid to the said James, Isaac, William, and Catharine, respectively; and that he the said James Patton retain out of the said general personal fund $150 to be paid to the said Samuel Stephenson at the expiration of the term of service of him the said Samuel.

And it is further ordered, adjudged and decreed by THE CHANCELLOR that all expenses which accrued in the maintenance of the child with which the said Mary Jones was pregnant at the time of the testator's death, in its illness and burial, be paid out of the residue of the said general personal fund bequeathed by the said testator, one moiety to his wife Mary Jones, and the other moiety to Morgan Jones Thomas, Samuel Mason, son of John, and the five children of said Zachariah Jones, and that such payment be made by the said James Patton, executor as aforesaid of the said last will of said Morgan Jones, in manner following that is to say that he the said James Patton, executor as aforesaid of said Morgan Jones, retain out of the moiety as aforesaid bequeathed to said Mary Jones one fourth part of said expenses, and that he the said James retain out of the other moiety bequeathed to Morgan Jones Thomas, Samuel Mason, son of John, and the five children of Zachariah Jones in proportion to their respective parts or shares of said moiety the other three fourth parts of said expenses, and that the money so retained by the said James Patton be applied by him in discharge of said expenses.

And THE CHANCELLOR further orders, adjudges and decrees that the said James Patton, executor of the last will of Morgan

Jones, do pay the proceeds of sale of the mansion or dwelling plantation late of said Morgan Jones, first deducting thereout the expenses which accrued in making sale of said plantation, and the compensation to which the said James is entitled for his service therein as follows, that is to say, that he pay to the said Benjamin Masden and Hannah his wife, to Sarah Jones, Eliza Jones, Morgan Jones, and Zachariah Jones, which said Hannah, Sarah, Eliza, Morgan, and Zachariah are children of Zachariah the brother of the said testator, to each of them, one equal fifth part of two third parts of the neat balance of said proceeds of sale, and to Thomas Middleton and Joanna, his wife, William Porterfield and Sally, his wife, Morgan Mason, John Mason, and Arthur Mason, which said Joanna, Sally, Morgan, John, and Arthur are children of Sarah Mason, the sister of said testator Morgan Jones, to each of them, one equal fifth part of the remaining one third part of the neat balance of said proceeds of sale.

And THE CHANCELLOR further orders, adjudges, and decrees that the said James Patton, executor as aforesaid of the last will of said Mary Jones, retain in his hands one moiety of the residue or surplus of the said personal estate on general personal fund, bequeathed to the said Mary Jones on the death of the said child, under age or without issue as aforesaid; and that he the said James do pay the other moiety thereof as follows, that is to say: to the said Morgan Jones Thomas, $600; to Samuel Mason, son of John Mason, the son of Sarah Mason, sister of the said testator, $200; and the residue of said other moiety or surplus to Benjamin Masden and Hannah, his wife, Sarah Jones, Eliza Jones, Morgan Jones, and Zachariah Jones, children as aforesaid of said Zachariah Jones, equally between them, that is to say, to each of them one equal fifth part thereof.

And it is further ordered, adjudged and decreed by THE CHANCELLOR that the said James Patton, executor as aforesaid of the said last will and testament of the said Morgan Jones, and of the last will and testament of said Mary Jones, do pass an account of his administration of the goods and chattels, rights and credits, which were of the said Morgan Jones, deceased, and that he charge himself in the said account with the goods and chattels, rights and credits, which were of the said Morgan Jones according to the due course of administration; and that in the said account he charge himself, in distinct and separate charges, with the proceeds of the sale of the real estate directed by the said will of said Morgan Jones to be sold, including the proceeds of sale of the dwelling plantation late of the said Morgan Jones, as well as the proceeds of sale of all other the real estate late of

the said Morgan Jones, deceased, which has been sold by him, the said James, showing in the account of sale of the said dwelling plantation the amount of sale, deducting therefrom the expenses which accrued in making said sale, and the compensation allowed to the said James by the Register for his trouble therein, and carrying into the amount of charges the neat balance of such sale; and that such expenses and compensation be stated so that the particular items of deduction may appear; and that in said account the said James account for all other matters and things with which he the said James, executor as aforesaid of the last will of said Morgan Jones, is chargeable. And that in the said account he the said James be credited with all debts paid, funeral charges and other expenses incidental to his administration, and with the $2000 retained by him, or the said Mary Jones, being the legacy bequeathed to the said Mary, and with all the legacies paid or retained according to the true intent and meaning of said last will of said Morgan Jones, as herein before is declared, ordered, and directed.

And it is further ordered, adjudged and decreed by THE CHANCELLOR that the said account be passed before the Register for the Probate of Wills and Granting Letters of Administration, on or before the first day of July next, and that the same be remitted to this Court forthwith after the same shall be passed, and that any of the parties have liberty to except thereto in this Court, on or before the first day of July next, and that the exceptions, if any be made, be heard at the next term, and that the witnesses be examined at the bar of this Court.[5]

And THE CHANCELLOR orders, directs, and decrees that the costs of this suit be paid by all the parties in proportion to the respective shares, parts, and legacies arising out of or accruing to them under the said last will of the said Morgan Jones, deceased, and herein declared, ordered, and decreed upon, except Hannah the black and Samuel Stephenson who are not to pay or bear any part of said costs.

And THE CHANCELLOR reserves to himself the liberty to make such further and other order and decree herein as shall be agreeable to equity and good conscience.

The following statement is made, to exhibit THE CHANCELLOR'S view of the disposition to be made of the personal estate, including therein the sale of land, except the dwelling plantation.

---

[5] Note by Ridgely, "It was a mistake in ordering the account to be passed on or before the first day of July next. It should have been June."

The child died under age, and without issue, and after the payment of funeral charges, and debts of the testator, the clear surplus may be supposed to be $18,000.

| | |
|---|---:|
| The widow takes her pecuniary legacy of.. | [$]2000.00 |
| Zachariah Jones ........................ | 400.00 |
| The five children of Zachariah Jones .... | 700.00 |
| The five children of Sarah Mason ........ | 625.00 |
| Benjamin Jackson ...................... | 1500.00 |
| James Kennedy ........................ | 200.00 |
| Isaac Hill ............................. | 100.00 |
| William McClement .................... | 50.00 |
| Samuel Stephenson at 24 years of age ..... | 150.00 |
| | 5725.00 |

The residue is $12,275, of which the widow takes a moiety ................................. 6137.50

Of the other moiety of the residue Morgan Jones Thomas takes.......... 600.00

Samuel Mason, son of Sarah Mason's son John ..................... 200.00

The residue of the other moiety, Z. Jones's five children.............. 5337.50

6137.50

$18,000.00

Then to ascertain the proportion of expenses for the maintenance of the child, its illness and burial.

Had the child lived it would have taken $\frac{2}{3}$ of $12,275 ............................. 8183.33$\frac{1}{3}$

But as the child died, $\frac{1}{4}$ of 8183.33$\frac{1}{3}$ is to be deducted, to be added to the share of the widow, increased to a moiety ............. 2045.83$\frac{1}{3}$

One moiety .....................$6137.50

Widow's $\frac{1}{3}$ ............................. 4091.66$\frac{2}{3}$

Add $\frac{1}{4}$ of 8183.33$\frac{1}{3}$ to give her a moiety (6137.50) ........................... 2045.83$\frac{1}{3}$

$6137.50

Then, as the widow's share has been increased by the child's death, one fourth, she should pay a fourth of its expenses and the

other legatees, three fourths. The child's whole share should pay its expenses. The widow's part of the child's two thirds is but one fourth, and the other legatees, three fourths, as they get so much of it.[6]

---

[6] At *Ridgely's Notebook IV, 561,* appears the following note, "Court of Chancery of the State of Delaware, New Castle County, April 22, 1825. *James Patton, Executor of Morgan Jones, v. Zachariah Jones and others.* See pp. 13–23 [*ante*]. An account was passed pursuant to the decree heretofore made; and the hearing now is upon exceptions taken by Zachariah Jones and others, to the account so passed by James Patton." There follow fragmentary notes of this hearing, which was continued to the next term. Beginning at *Ridgely's Notebook IV, 685,* Court of Chancery, New Castle, August 27, 1825, appear further fragmentary notes of this hearing. At *687* appears the note, "Decree made," with no details given.